## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Michael A. Deterling, being duly sworn, deposes and says:

### A. INTRODUCTION AND AGENT BACKGROUND:

1.  I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), currently assigned to the Assistant Special Agent in Charge (ASAC) Office in Cleveland, Ohio. I have been so employed with HSI, and its predecessor agency the Immigration & Naturalization Service (INS), since September, 1996. As part of my duties as an HSI Special Agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have also assisted in the execution of numerous arrest and search warrants relating to investigations of child pornography, online enticement and other child exploitation crimes.

2.  HSI is investigating the user of Skype account "John.Wayne1969", who has been identified as Joseph Bruce HAGGERTY, for using a facility or means of interstate commerce (electronic device) to persuade, induce, entice or coerce a minor to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, and such visual depiction was actually transported and transmitted using any means of interstate and foreign commerce and in and affecting interstate or foreign commerce, in violation of 18 U.S.C. §§ 2251(a). As will be shown below, there is probable cause to believe that Joseph B. HAGGERTY has induced or

1

enticed a minor in order to produce visual depictions of child pornography, in violation of Title 18, United States Code, Section 2251(a). I am submitting this affidavit in support of a criminal complaint in relation to Joseph B. HAGGERTY of New Brunswick, Canada.

### B. BACKGROUND OF THE INVESTIGATION:

3. This case was predicated upon an investigative referral to Homeland Security Investigations (HSI) Cleveland from HSI Austin, which in turn had received a lead from Kyle Police Department, Kyle Texas, indicating Joseph Bruce HAGGERTY had engaged in child exploitation. HAGGERTY was alleged to have communicated with a minor victim online and believed to have solicited images of child pornography. This minor victim will be referred to as MV-1 for the remainder of this affidavit. HAGGERTY provided his contact information to MV-1 as living on Wellington Road, Blacks Harbour, New Brunswick, Canada – Tel. 605-816-XXXX.

4. In relation to this investigation, HSI Austin learned that HAGGERTY was scheduled to arrive in the U.S. at the Cleveland Hopkins International Airport on August 10, 2017, from Toronto via Air Georgian Ltd, DBA Air Alliance, flight #7403. As a result, HSI Austin provided this information to HSI Cleveland, along with two photos of himself that HAGGERTY had previously sent to MV-1.

5. On August 10, 2017, HSI Cleveland initiated surveillance on HAGGERTY upon his arrival at the Cleveland Hopkins Airport. Prior to his arrival, it was learned that during U.S. pre-flight inspection in Toronto, HAGGERTY had claimed his destination to be the Days Inn located at 12019 Lake Avenue, Lakewood, Ohio 44107. HAGGERTY was observed taking taxi cab #203, bearing license plate # FST3944, from the airport to Linden Park at or near

3401 Linden Road in Rocky River, Ohio. Upon arriving at the park, HAGGERTY was observed approaching and hugging a minor female who was waiting for him with several bags containing clothing and other personal items. This minor victim will be referred to as MV-2 for the remainder of this affidavit. HAGGERTY was observed almost immediately returning with MV-2 back towards the taxi in which he arrived, which had remained waiting in the parking lot of the park.

6. HAGGERTY and MV-2 were approached as they appeared to be preparing to depart in the taxi. HAGGERTY was not placed under arrest or restrained at this time. HAGGERTY immediately stated that he was there to meet and hang out with MV-2. HAGGERTY knew MV-2 by name and stated that he knew she was 17 years of age but that he felt he was doing nothing wrong because he had researched the legal age of consent in the U.S. and Ohio. HAGGERTY advised that he planned to remain in Ohio until Monday August 14, 2017. HAGGERTY confirmed that he was a resident of St. Stephen, New Brunswick, Canada, and provided his passport as identification. The passport indicated HAGGERTY's date of birth as XX/XX/1967, and his place of birth as Saint John, Canada. When asked, HAGGERTY provided verbal consent to search the duffel style bag he was travelling with. The bag was found to contain clothing and other personal items consistent with a several day period of overnight travel. Also located together in one section of the bag were an unopened package of 12 condoms, a package of baby pacifiers, and a stuffed tiger toy. HAGGERTY continued to assert that he felt he was doing nothing wrong because MV-2 had reached the age of consent. When asked for what purpose he had brought baby pacifiers, HAGGERTY became belligerent and indicted it was his own business.

3

7. During this time, MV-2 was asked to participate in a separate interview with law enforcement. MV-2 was cooperative and agreed to initially speak to HSI Special Agent Douglas Bort, and subsequently to HSI Task Force Officer (TFO) Miranda Helmick. According to these interviews, MV-2 met HAGGERTY on the KIK application in December of 2016. HAGGERTY made subsequent contact with MV-2 on Skype. MV-2 advised that HAGGERTY knew her to be 16 and 17 years of age during their communication, and she believed HAGGERTY to be 48 years old. MV-2 described HAGGERTY as her boyfriend and advised that she consented to his visit and that she had brought clothes to stay the weekend with him if she wished. As the interview progressed, MV-2 stated that HAGGERTY was very controlling, that she was forbidden to speak to other males, and that he would verbally threaten her if she was unavailable to speak to him on Skype. MV-2 claimed that the two communicated virtually every night by May of 2017. MV-2 stated that the calls would sometimes last hours and HAGGERTY directed her to strip naked and to masturbate for him online. MV-2 stated that she initially told HAGGERTY she was uncomfortable masturbating on screen, but relented when she became frightened when he used profanity and verbal abuse towards her on Skype. MV-2 advised that HAGGERTY was also nude and would masturbate and ejaculate during these sessions. MV-2 stated that HAGGERTY had sent her several gifts, including a pink sex toy, stockings, socks, and two promise rings. MV-2 also stated that HAGGERTY originally directed her to masturbate via Skype video with a hairbrush, and then later with the pink sex toy that he had bought her. HAGGERTY gave MV-2 the nicknames "Kitten", "Little Girl", and "Princess". MV-2 was required to call HAGGERTY "Daddy" or "Joe". MV-2 also advised that HAGGERTY sent her blue and green markers, and directed her to write "I belong to Daddy" all over her body. MV-2 advised that prior to meeting HAGGERTY at the park, she had told her mother she was going on

4

a camping trip for the weekend. HAGGERTY had provided his flight itinerary to MV-2, and that she had received a call from the suspect on the cab driver's cell phone when he arrived in Cleveland. MV-2 stated that HAGGERTY planned to get a separate cab for her so they wouldn't be going from the park to the hotel together. MV-2 was aware that she and HAGGERTY would be going to a hotel in Lakewood, Ohio. MV-2 claimed that she and HAGGERTY were going to decide in the moment whether they would engage in sex. MV-2 was aware that the hotel room had only one bed, and stated that HAGGERTY had told her to bring lingerie, as well as the pink sex toy and socks that he had purchased.

8. During this time, HSI Special Agent Peter Deak interviewed the airport taxi driver who had picked HAGGERTY up at the airport and driven him to the park. The driver agreed to show SA Deak his GPS unit where he observed the following two addresses: 1.) 3401 Linden Road, Rocky River, Ohio; and 2.) 12019 Lake Road, Lakewood, Ohio. The driver advised that HAGGERTY had made reference to him about picking up his girlfriend at the park and then going to the motel.

9. After initial interviews with HAGGERTY and MV-2, the Rocky River Police Department (PD) was contacted for assistance. The Rocky River PD subsequently arrested HAGGERTY on charges of Interference with Custody, in violation of Ohio Revised Code (ORC) 2919.23. During the local booking of HAGGERTY, he provided his current address being on Pleasant Street in St. Stephen, NB, Canada E3H1A3.

10. At approximately 1:40 p.m., subsequent to HAGGERTY's local arrest, MV-2 received a call on her cell phone from a phone in the booking cell at the Rocky River PD. During this time, MV-2 was sitting with HSI Agents as attempts were being made to contact her mother. At this time, MV-2 answered her phone and held am approximate 4 minute and 35 second

conversation with HAGGERTY. This phone conversation was recorded and a copy was provided to your Affiant for review. During this conversation, HAGGERTY calls MV-2 by name and repeatedly refers to her as "baby". When MV-2 advises that she was aware that HAGGERTY had engaged in similar behavior with other minors, he continually denied it and told her that law enforcement was lying to her. HAGGERTY stated to MV-2, "I'm in jail right now with my future in jeopardy because I love you".

11. On August 11, 2017, your Affiant spoke to Constable MacKenzie Pescod, of the Royal Canadian Mounted Police (RCMP), Internet Child Exploitation Unit. Constable Pescod advised that based on probable cause provided by HSI Cleveland and HSI Austin, the RCMP had executed a search warrant that morning at HAGGERTY's residence at 25 Pleasant Street, Unit 2, St. Stephen, NB Canada. Constable Pescod advised that the RCMP had seized several electronic devices for forensic analysis, including two laptops, an external storage device, and other storage media. The residence was found to contain a letter from MV-2 dated approximately 3 weeks prior, in which she referred to HAGGERY as "Daddy". Also found at the apartment was the contact information for MV-1 and MV-2, as well as an estimate 5 other possible victims. In addition, the investigators found a lifelike child sex doll at the residence. Constable Pescod advised that during initial analysis of one of the computers at the residence, a considerable number of images of MV-2 were discovered. These images appear to have been saved from videos of MV-2 in various stages of undress, nude, during masturbation, and during masturbation with objects.

H. CONCLUSION:

13. Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that Joseph B. HAGGERTY did use, persuade, induce or entice a minor to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, and such visual depiction was actually transported and transmitted using any means of interstate and foreign commerce and in and affecting interstate or foreign commerce. in violation Title 18 U.S.C. § 2251(a).

_____
Michael A. Deterling
Special Agent
Homeland Security Investigations

Subscribed and sworn before me this 11th day of August 2017.

_____
Jonathan D. Greenberg
United States Magistrate Judge